UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
**(FORT LAUDERDALE DIVISION)**
www.flsb.uscourts.gov

IN RE:  MARK J. GINSBURG,

      Debtor,

_____/

MARK J. GINSBURG, Debtor-in-Possession and
NATIONWIDE LABORATORY
SERVICES, INC., a Florida Corporation

      Plaintiffs,

v.

JAY L. ENIS, JACK D. BURSTEIN,
STRATEGICA CAPITAL ASSOCIATES,
INC., SWP PALM BEACH, LLC, OREN LIEBER,
RITTER ZARETSKY & LIEBER, ROYAL TITLE
& ESCROW, INC., JOSHUA GLIKMAN, SHIBOLETH,
LLP, STEVEN COOK, SCOTT KRANZ,
SUSAN ENIS, and GILDA BURSTEIN,

      Defendants.

_____/

CASE NO.: 10-13056- RBR
CHAPTER 11


ADV. NO.: 10-02627-RBR

**MOTION TO WITHDRAW THE REFERENCE, TO DECLARE ADVERSARY
PROCEEDING NON-CORE AND FOR TRANSFER TO DISTRICT COURT BY
JOSHUA GLIKMAN & SHIBOLETH, LLP**

Defendants, Joshua Glikman ("Glikman"), and Shiboleth, LLP ("Shiboleth")

(collectively, the "Shiboleth Defendants") hereby move, pursuant to 28 U.S.C. § 157, Local

District General Rule 87.3, and Local Bankruptcy Rules 5011(a) and 5011-1(b), to declare the

above-captioned Adversary Proceeding filed by MARK J. GINSBURG, Debtor-in-Possession

("Ginsburg") and NATIONWIDE LABORATORY SERVICES, INC., a Florida Corporation

("Nationwide," together with Ginsburg collectively the "Debtor"), non-core, to withdraw the

reference of the Adversary Proceeding to the Bankruptcy Court and for transfer to District Court.

In support of its *Motion to Withdraw the Reference, to Declare Adversary Proceeding Non-Core*

*and for Transfer to District Court, Incorporated Memorandum of Law, and Designation of the*

*Record* (the "Motion"), the SHIBOLETH Defendants respectfully represent the following:

## I.     PRELIMINARY STATEMENT

1.      Ginsburg filed this Adversary Proceeding against the SHIBOLETH  Defendants

in relation to their representation of all parties to a proposed joint venture between Defendant

Strategica Capital Associates, Inc., and Plaintiff's company, Nationwide (the "Strategica Joint

Venture"), wherein the SHIBOLETH Defendants were ultimately retained to represent all parties

to the Strategica Joint Venture, specifically Plaintiff Ginsburg, his company Nationwide, and

Defendants herein, Strategica, Enis  and Burstein.

2.      As part of their representation of the parties to the Strategica Joint Venture, the

SHIBOLETH Defendants drafted a Consulting Agreement (Exhibit "B" to Adversary

Complaint) and a Shareholders' Agreement (Exhibit "D" to Adversary Complaint).

3.      The Debtor alleges that the SHIBOLETH Defendants knew, but did not tell him,

it was a conflict of interest for the SHIBOLETH Defendants to represent all parties to the

Strategica Joint Venture, and that the SHIBOLETH Defendants drafted the Consulting

Agreement and Shareholders' Agreement in such a way as to favor Defendants Strategica, Enis

and Burstein over Plaintiff Ginsburg and his company Nationwide.

4.      Through this action, the Debtor attempts to blame the SHIBOLETH Defendants

for his decision to enter into the Strategica Joint Venture wherein he alleges the Strategica, Enis

and Burstein Defendants ultimately engaged in fraudulent behavior toward Ginsburg and Nationwide.

5.     These allegations against the SHIBOLETH Defendants are conclusory and not supported by the facts of this case.  .

## II.     SUMMARY OF THE ARGUMENTS

6.     This Motion should be granted for the following reasons: (i) the SHIBOLETH Defendants have a Seventh Amendment right to a jury trial on Ginsburg's claims against them; (ii) the SHIBOLETH  Defendants did not waive their right to a jury trial; (iii) Counts IV, V, VII, XIII, IX and XIX of the Complaint are legal in nature and give rise to a right to trial by jury; (iv) Counts IV, V, VII, XIII, IX and XIX of the Complaint are non-core claims which do not involve any rights created by federal bankruptcy law and which could have arisen apart from the bankruptcy; (v) these claims against the SHIBOLETH  Defendants should not be bifurcated in the interests of consistency and judicial economy since these issues are interrelated and based on the professional negligence claim; and (vi) these claims raise complex legal issues and involve thousands of pages of documents which need to be addressed in the discovery process. Additionally, in the interests of judicial economy and efficiency, all pre-trial matters should be transferred to the District Court as the Judge presiding over these matters will become more familiar with the facts and issues involved in the case.   In view of the foregoing, the SHIBOLETH Defendants respectfully request that the Bankruptcy Court transfer this proceeding to the District Court.

PHILLIPS, CANTOR & SHALEK , P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 375-S, HOLLYWOOD, FLORIDA 33021

### III.   PROCEDURAL BACKGROUND

7.      The facts relevant to this Motion are found in the Complaint and facts over which the Court may take judicial notice.  The facts are, therefore, are presumed to be true for purposes of this Motion.

8.      Ginsburg, the Debtor-in-Possession in this Chapter 11 Bankruptcy Case pursuant to a Voluntary Petition filed under Chapter 11 of the United States Bankruptcy Code on February 9, 2010. (Comp. ¶ 5.)

9.      On February 12, 2010, Ginsburg filed this Complaint against the SHIBOLETH Defendants and others.

10.      At no time did the SHIBOLETH Defendants file a proof of claim or participate in any way in this Chapter 11 proceeding, or otherwise submit themselves to the equitable jurisdiction of the Bankruptcy Court.  As such, the SHIBOLETH Defendants did not waive their right to a jury trial and this Adversary Proceeding should be transferred to the District Court.

11.      The Adversary Complaint is the only necessary and pertinent pleading in the record that the District Court needs to consider with respect to this Motion.

12.      The Adversary Complaint asserts six (6) claims against the SHIBOLETH Defendants as follows: Count IV -  Conspiracy - Ginsburg v. All Defendants; Count V – Conspiracy –Ginsburg v. GLIKMAN, et al.; Count VIII - Legal Malpractice – Negligence – Ginsburg v. SHIBOLETH Defendants; Count IX - Legal Malpractice - Breach of Fiduciary Duty - Ginsburg v. SHIBOLETH Defendants; and Count XIX- Unjust Enrichment – Ginsburg v. All Defendants.

## IV.   ARGUMENT

**A.   THE REFERENCE OF THIS ADVERSARY PROCEEDING SHOULD BE PERMISSSIVELY WITHDRAWN FOR CAUSE**

**1.   The District Court Has Original Jurisdiction Over This Matter**

13.   It is well-established that while District Courts are Article III courts, bankruptcy courts are not. *See In re Parklane/Atlanta Joint Venture,* 927 F.2d 532, 538 (11th Cir.1991) ("bankruptcy courts are not Article III courts and therefore may not exercise the judicial power of the United States").

14.   District Courts have original jurisdiction over all cases arising under the Bankruptcy Code. 28 U.S.C. § 1334.  Bankruptcy courts now obtain jurisdiction over cases and proceedings under the Bankruptcy Code only by referral at the discretion of the District Courts. *See* 28 U.S.C. 157(a). This statutory scheme ensures that "the judicial power of the United States will be ultimately exercised by an Article III Court." *In re Parklane/Atlanta Joint Venture,* 927 F.2d 532, at 538.  Because the jurisdiction of a Bankruptcy Court is obtained only by referral, a District Court may, for cause, withdraw the reference of a case or proceeding in bankruptcy under 28 U.S.C. § 157(d).  That statute provides in relevant part that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section . . . on timely motion of any party, for cause shown."

15.   As illustrated below, the reference of this adversary proceeding should be withdrawn, for cause, because the Bankruptcy Court does not have statutory or constitutional authority to try any of the legal claims asserted against the SHIBOLETH Defendants.

16.     The decision of whether to permit withdrawal of the reference is committed to the discretion of the District Court and requires cause shown on a case-by-case basis. *See In re Parklane/Atlanta Joint Venture,* 927 F. 2d 532, *535-36* (11th Cir. 1991).

17.     As courts of limited jurisdiction, the Constitutional role of the Bankruptcy Courts is confined to those matters that are unique to, or uniquely affected by, a bankruptcy proceeding or directly affect a core bankruptcy function. Accordingly, it is incumbent upon this Court to determine Bankruptcy Court jurisdiction so as to avoid any doubt as to its constitutionality. The District Court should withdraw the reference with respect to those matters not within the Bankruptcy Court's jurisdictional purview to ensure that judicial power of the United States is exercised by an Article III court, and to fulfill its supervisor function over the bankruptcy courts. *JnreParklane/AtlantaJoint Venture,* 927 F.2d 532, 538 (11th Cir. 1991).

**2.     The Standard for Permissive Withdrawal of the Reference**

18.     The Court should withdraw the reference "for cause" pursuant to 28 U.S.C. § 157(d).  Permissive withdrawal is within the discretion of the district court. *See In re TPI Int'l Airways, Inc.,* 222 B.R. at 668.  "In considering whether cause exists to withdraw the reference, Courts weigh whether the parties have a right to a jury trial; whether the claim is core or non-core; whether withdrawal would promote efficient use of judicial resources and prevention of delay." *See In re Hvide Marine Towing, Inc. v. Kimbrell (In re Hvide Marine Towing, Inc.),* 248 B.R. 841, 844 (M.D.Fla. 2000).  Courts also consider whether withdrawal would prevent advancement of uniformity in bankruptcy administration, decrease forum shopping and confusion, promote the economical use of the parties' resources; and facilitate the bankruptcy process.  *In re Parklane/Atlanta Joint Venture,* 927 F.2d 532, 536 (11th Cir.1991).

PHILLIPS, CANTOR & SHALEK , P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 375-S, HOLLYWOOD, FLORIDA 33021

19.     While important, none of the aforementioned factors should prevent a District Court "from properly withdrawing reference either to ensure that the judicial power of the United States is exercised by an Article III court or in order to fulfill its supervisor function over the bankruptcy courts." *In re Parklane/Atlanta Joint Venture,* 927 F.2d 532 at 538. Notwithstanding, each of these factors weighs decidedly in favor of permissive withdrawal.

**3.     The Reference Should Be Withdrawn Because the SHIBOLETH Defendants Have a Seventh Amendment Right to a Jury Trial and have not waived this right.**

20.     The SHIBOLETH Defendants have a constitutional right to a trial by jury under the Seventh Amendment for the claims brought by Ginsburg in the Adversary Complaint ("Complaint").  The right to a jury trial is a fundamental tenet of the American legal system. See, e.g. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 40-65 (1989) ("On the common law side of the federal courts, the aid of juries is not only deemed appropriate but is required by the Constitution itself.")  Congress "lacks the power to strip parties contesting matters of private right of their constitutional right to a trial by jury." *Id.* at 51-52.

21.     Because of the nature of the claims, the SHIBOLETH Defendants have a right to a jury trial on each of the causes of action alleged against them in the Complaint.  The Seventh Amendment provides that the right to a trial by jury attaches to suits at law.  *See Granfinanciera*, 492 U.S. at 41.  In Counts IV, V, VIII, IX and XIX of the Complaint, Ginsburg seeks monetary recovery against the SHIBOLETH Defendants.  The United States Supreme Court has long recognized that, as a general rule, monetary relief is *legal* in nature, and that claims for such relief give rise to a right to trial by jury. *See Feitner v. Columbia Pictures Television, Inc.,* 523 U.S. 340, 352 (1998).

PHILLIPS, CANTOR & SHALEK , P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 375-S, HOLLYWOOD, FLORIDA 33021

22.     Indeed, this and many other District Courts, have yet to determine whether non-Article III Bankruptcy Courts have authority to conduct jury trials.  *See Stein*, 158 B.R. at 878 ("The Eleventh District has noted the difficulty of this issue but has not yet addressed it."). Although the Eleventh District has not directly decided this issue, it has interpreted *Granfinanciera* as "strongly suggest[ing]" that certain bankruptcy core matters such as preference actions must be tried in Article III courts.  *In re Davis*, 899 F.2d 1136, 1140 n.9 (11th Cir.), *cert. denied*, 498 U.S. 981 (1990).  Other courts have held that Article III of the United States Constitution prohibits jury trials in Bankruptcy Court.  *Ellenberg v. Bouldin*, 125 B.R. 851, 855 (N.D. Ga. 1991); *In re Johnson*, 115 B.R. 712, 715 (Bankr. S.D. Ala. 1990).  Clearly, the SHIBOLETH Defendants have a constitutional right to a trial by Jury before the United States District Court.

23.     A plain reading of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 157 leads to the inescapable conclusion that Bankruptcy Courts cannot, consistent with the Seventh Amendment, conduct jury trials in either core or non-core proceedings, absent the parties' consent.  Bankruptcy courts are expressly permitted to "hear" core proceedings.  28 U.S.C. § 157(b)(1).  However, Fed. R. Bankr. P. 8013 permits the District Court to review the Bankruptcy Court's judgment and to set aside "clearly erroneous" findings of fact.  If those findings are a jury's, and they are set aside as clearly erroneous, that could be viewed as an unconstitutional invasion into the Seventh Amendment's prohibition against re-examination of jury findings.[1]

---

[1]     The Seventh Amendment provides that "no fact tried by a jury, shall be otherwise re-examined in any Court of the United States.  . . ."

PHILLIPS, CANTOR & SHALEK , P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 375-S, HOLLYWOOD, FLORIDA 33021

24.     To be consistent with the Seventh Amendment, the standard of review for jury findings must be greater than the "clearly erroneous" standard for review of non-jury findings. *See Myers v. Reading Co.,* 331 U.S. 477, 485 (1947) (holding that "'[o]nly when there is a complete absence of probative facts to support the conclusion reached [by a jury] does a reversible error appear,'") (quoting Lavender v. Kurn, 327 U.S. 645, 653 (1946)); American Casualty Co. v. Myrick, 304 F.2d 179, 182 (5th Cir. 1962) (holding that "[w]e must determine whether the state of the proof is such that reasonable and impartial minds could reach the conclusion the jury expressed in its verdict").

25.     Bankruptcy Courts are also expressly permitted to "hear" non-core proceedings, but they may not enter final orders in those proceedings.  Instead, they must submit proposed findings of fact and conclusions of law to the District Court, which reviews them de novo.  28 U.S.C. § 157(c)(1).  Such review would be facially violative of the Seventh Amendment's jury trial right, and the solemnity afforded the jury's factual findings.

26.     However, even if this Court determines that the Bankruptcy Court can conduct a jury trial, consent of the parties is required- which the SHIBOLETH Defendants do not give. *See Control Center, L.L.C. v. Lauer*, 288 B.R. 269, 279 (M.D. Fla., 2002) (Pursuant to 28 U.S.C. § 157(e), jury trials are permitted in Bankruptcy Courts only where all of the parties in the matter have consented.); *Stein v. Miller*, 158 B.R. 876, 878-79 (S.D. Fla. 1993) (Highsmith, J.) (holding that bankruptcy courts lack statutory authority to conduct jury trials as to legal causes of action).

27.     Accordingly, even if jury trials could be conducted before non-Article III bankruptcy judges, the SHIBOLETH Defendants do not consent to a jury trial before the Bankruptcy Court in this Adversary Proceeding.  The lack of authority of the Bankruptcy Court

PHILLIPS, CANTOR & SHALEK , P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 375-S, HOLLYWOOD, FLORIDA 33021

to conduct a jury trial "constitutes cause to withdraw the reference." *Orion,* 4 F.3d at 1101; *accord New York City Shoes,* 122 B.R. at 673.

**4.     The Reference Should Be Withdrawn Because The Primary Issues in the Adversary Proceeding Are Non-Core.**

28.     The gravaman of the allegations set forth in the Complaint arise out of claims of professional negligence and negligent misrepresentations.  These claims are clearly non-core issues.  The "non-core" nature of the Adversary Proceeding further supports withdrawal of the reference.

29.     Congress created the distinction between core and non-core bankruptcy proceedings. *See Cont'l Nat'l Bank v. Sanchez (In re Toledo),* 170 F.3d 1340, 1347 (11th Cir.1999).  If a proceeding is core, then the district court applies traditional standards of appellate review to the Bankruptcy Court's findings. *See id.; see also* 28 U.S.C. § 158(a); Fed. R. Bankr.P. 8013[2].  Conversely, if a proceeding is non-core, then the bankruptcy court is permitted only to submit proposed findings of facts and conclusions of law subject to de novo review by a district court. *See id.; see also* 28 U.S.C. 157(c)(1); Fed. R. Bankr.P. 9033(d).[3]  Since a District Court is obligated to review de novo the findings of a bankruptcy court over non-core matters, a

---

[2] Rule 8013 of the Federal Rules of Bankruptcy Procedure provides that on "an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."

[3] Rule 9033(d) of the Federal Rules of Bankruptcy Procedure provides for the standard of review of proposed findings of fact and conclusions of law in a non-core proceeding.  Standard of review. The district judge shall make a de novo review upon the record ... of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.

determination that a proceeding is non-core weighs in favor of transferring the matter to a District Court.

30.     Pursuant to 28 U.S.C. § 157, "core" proceedings are those "arising under title 11 or arising in a case under title 11," while "non-core" proceedings are synonymous with those "otherwise related" to the bankruptcy estate. *Cont'l Nat'l Bank v. Sanchez (In re Toledo),* 170 F.3d 1340, 1349 (11th Cir. 1999).  A proceeding "arises under" title 11 when it "invokes a cause of action, or substantive right, created by a specific section of the Bankruptcy Code." *Id.*  A proceeding "arises in" title 11 when it involves "administrative matters unique to the management of a bankruptcy case." *Id,* As the Eleventh District declared:

> "[i]f the proceeding involves a *right created by the federal bankruptcy law,* it is a core proceeding; for example, an action by the trustee to avoid a preference. If the proceeding is one that would *arise only in bankruptcy,* it is also a core proceeding; for example, the filing of a proof of claim or an objection to the discharge of a particular debt. *If the proceeding does not invoke a substantial right created by the federal bankruptcy law and is one that could exist outside of bankruptcy is not* a *core proceeding."*

*Id.* at 1348 (emphasis added); *Wood v. Wood (In re Wood),* 825 F.2d 90, 97 (5th Cir. 1987).

31.     Accordingly, the District Court should rule that Ginsburg's claims against the SHIBOLETH Defendants (i.e. Conspiracy, Legal Malpractice – Negligence, Legal Malpractice - Breach of Fiduciary Duty, and Unjust Enrichment) alleged in the Adversary Proceeding involve claims outside the core jurisdiction of the Bankruptcy Court[4] a factor that weighs decidedly in

---

[4] Although 28 U.S.C. § 157(b)(3) says that bankruptcy judges should determine whether a proceeding is a core proceeding, the District Court can make that determination in the context of a motion to withdraw the reference, *See, e.g., Mirant Corp. v. The Southern Co.,* 337 BR. 107, 115 nil, 117 (N.D. Tex, 2006) (expressing doubt whether bankruptcy court made core/non-core determination in its report on motion to withdraw the reference, then finding certain claims non-core); *Comdisco Ventures, Inc. v. Federal Ins. Co. (In re Comdisco Ventures, Inc.),* 2004 WL 1375353 *2 n.2 (N.D. III. 2004) ("The determination of whether a matter is core or non-core can be made either by the bankruptcy court or the district court."); *Control Center, L.L.C. v. Latter,* 288 BR. 269, 275 n,24 (M.D. Fla.

PHILLIPS, CANTOR & SHALEK , P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 375-S, HOLLYWOOD, FLORIDA 33021

favor of withdrawing of the reference. <u>In re RDM Sports Group, Inc.</u>, 260 B.R. 915 (N.D. Ga. 2001) (holding that breach of fiduciary duty, legal malpractice, negligence and civil conspiracy are non-core bankruptcy matters.  Specifically, the court reasoned that such claims do not invoke substantive rights created by the bankruptcy code and should exist independently outside the bankruptcy). <u>See also</u> <u>In re Wachsmuth</u>, 272 B.R. 766 (M.D. Fla. 2001) (dismissing debtors claims for conversion, fraud, and recovery for fraudulent transactions as they were noncore bankruptcy matters which the bankruptcy court lacked jurisdiction over). <u>In re SouthHampton Dev. Corp.</u>, 191 B.R. 471 (M.D. Fla. 1995) (finding that the debtors claims seeking damages on the theory of unjust enrichment were "not civil proceedings 'arising in or arising under the bankruptcy court's jurisdiction as they were noncore in nature). <u>Warren v. Calania Corp.</u>, 178 B.R. 279 (M.D. Fla. 1995) ( holding that matters involving attorney misconduct are noncore proceedings as their very nature is not a "proceeding that could only arise in the context of a bankruptcy case").  It is clear that Ginsburg's claims against the SHIBOLETH  Defendants are non-core.

32.     Ginsburg's claims against the SHIBOLETH  Defendants do not "arise under" or "arise in" Title 11.  Rather, these claims assert state law claims, these purported claims existed pre-petition and entirely independent of Ginsburg's chapter 11 case.  This action could be litigated outside of the Bankruptcy Court.

33.     Clearly, Bankruptcy law plays no role in Ginsburg's claims of professional negligence/malpractice/breach of fiduciary duty/conspiracy and unjust enrichment against the

---

2002)    (district    court    made    core/non-core    determination    in    interests    of    judicial    economy).

PHILLIPS, CANTOR & SHALEK , P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 375-S, HOLLYWOOD, FLORIDA 33021

SHIBOLETH Defendants and therefore, this proceeding should be regarded as non-core.  The

Court should withdraw the reference for this reason alone.

**5.      Withdrawal of the Reference Would Promote Judicial Economy**

34.      As mentioned herein, litigating Ginsburg's non-core claims against the

SHIBOLETH Defendants in District Court will promote judicial economy. Under the Judicial

Code, the Bankruptcy Court may only make proposed findings of fact and conclusions of law

subject to the district court's *de novo* review in "non-core" proceedings. 28 U.S.C. § 157(c)(1).

This "two-step process" can be "reduced to a one-step process" if the District Court resolves the

matter in the first instance. *Lawrence Group, Inc. v. Hartford Cas, Ins, Co. (In re Lawrence*

*Group, Inc.),* 285 B.R. 784, 789 n.3 (N.D.N.Y. 2002).  Indeed, in a leading case establishing the

"for cause" standard, the Second District explained that "[t]he fact that a bankruptcy court's

determination on non-core matters is subject to *de novo* review by the district court could lead

the [bankruptcy court] to conclude that in a given case unnecessary costs could be avoided by a

single proceeding in the district court." *Orion Pictures,* 4 F.3d at 1101.

35.      As the district court in *Solutia Inc. v. FMC Corp.,* No. 04 Civ. 2842 (WHP), 2004

WL 1661115 at *2 (S.D.N.Y. 2004) found in determining "that judicial economy favors

withdrawal of the reference", by "litigating this non-core matter in the district court, judicial

resources will be conserved instead of having two courts administer two rounds of briefing and

argument on the same issues." *Accord In re NDEP Corp.,* 203 BR. 905, 908 (D. Del. 1996)

("judicial economy favored permissive withdrawal because if it were denied, the district court

would still need to review the merits of the dispute when considering the bankruptcy court's

proposed findings of facts and conclusions of law").  Judicial economy also favors removing all

pre-trial matters to the District Court so the Judge overseeing the pre-trial process will inarguably be more familiar with the case and the issues involved herein.

36.     Withdrawal of the reference is also compelled because Ginsburg's claims set forth in the Adversary Proceeding "raises legal issues more commonly resolved by the [District Court] than the bankruptcy courts, and the advancement of [the] action will involve extensive discovery, expert testimony, and a lengthy and complex trial requiring a jury." *In re Complete Management, Inc.,* No. 02 CIV. l736(NRB), 01-03459, 2002 WL 31163878 at \*6 (S.D.N,Y. 2002) (granting withdrawal of claims against accounting firm on the ground of judicial economy notwithstanding the claims being potentially core).  In this action, Ginsburg's claims against the SHIBOLETH Defendants are based on Florida law and are non-core issues.  The matters raised in this proceeding are complex tort claims relating to factual and legal issues of whether the SHIBOLETH  Defendants were negligent as well as issues involving comparative fault and joint and several liability under state law. These complex matters requiring a jury fall squarely within the expertise of the District Court.  In short, the interests of judicial economy weigh strongly in favor of the reference being withdrawn for all of the claims to the District Court.

**F.     Withdrawal of the Reference Will Not Impact the Uniformity of Bankruptcy Administration.**

37.     Withdrawal of the reference is also compelled because the District Court's resolution of this Adversary Proceeding will have no foreseeable impact upon the uniformity of bankruptcy administration. As explained above, the gravaman of the Adversary Proceeding involves Ginsburg's non-core legal malpractice and negligence claims against the SHIBOLETH Defendants.

38.    These claims involve issues of state common law, and in no way turn on questions of bankruptcy law.   Under these circumstances, resolution of this Adversary Proceeding will not impact the uniformity of bankruptcy administration as a whole.  *In re McMahon,* 222 B.R. 205, 208 (S.D.N.Y. 1998) ("uniformity in the administration of bankruptcy law will not be affected as the breach of contract claim does not turn on questions of bankruptcy law"); *Solutia, Inc. v. FMC Corporation,* 2004 WL 1661115, at *4  (S.D.N.Y. 2004) (where the claim involves non-core "state law matters involving breach of contract, breach of fiduciary duty, and misrepresentation" "the uniformity in bankruptcy law 'compels withdrawal' of those claims"), *quoting American Equities Group, Inc. v. Ahava Dairy Prods. Corp.,* 01 Civ. 5207(RWS), 2001 WL 1143188, at *3 (SD.N.Y. 2001).

### G.    Withdrawal of the Reference Will Not Encourage Forum Shopping

39.    There is no basis on which to suggest that the SHIBOLETH Defendants are "forum shopping" by their request for withdrawal of the reference of Ginsburg's claims against them in the Adversary Proceeding.  Due to the SHIBOLETH  Defendants' demand for a jury trial on the Counts directed to them, the parties have no choice but to try the case in the District Court.

40.    In sum, for all of the reasons set forth above, the District Court should withdraw the reference under its discretionary powers.

## II.    THE DISTRICT COURT SHOULD MANAGE THE PRE-TRIAL MATTERS.

41.    In the event this motion is granted, the District Court should preside over all pre-trial matters.  As mentioned herein, Ginsburg's claims against the SHIBOLETH Defendants involve state negligence and tort laws and have nothing to do with Bankruptcy laws.

42.     The Judge presiding over the pre-trial matters will become closely familiar with the facts of the case, including the nature of the legal issues, the parties and the factual background.  Having one Judge preside over these issues will allow for more informed rulings throughout the course of the litigation and will serve to promote judicial economy and consistency of rulings.  At the very least, the District Court should entertain all dispositive motions.

43.     Additionally, if it is necessary to try the issues pled in the Complaint then the District Court is more suited to address the voluminous discovery that will be involved in this case.  In fact, since the discovery in this case is potentially so critical to the SHIBOLETH Defendants' development of its procedural and substantive defenses, if the SHIBOLETH Defendants' pre-trial rights are curtailed in any meaningful manner by the Bankruptcy Court, then this would be tantamount to the SHIBOLETH Defendants being denied their due process rights.

44.     If this lawsuit is transferred to the District Court then the District Court should maintain jurisdiction over all of the pre-trial issues that arise.  *See In re Transcon Line*, 121 B.R. 837 (C.D. Cal., 1990) (Due to the fact that a District Court must eventually preside over the jury trial in this mater, it would constitute a tremendous waste of judicial resources to permit the bankruptcy judge to continue to maintain jurisdiction over the issues presented in this litigation.) Although it is conceivably true that Ginsburg's action may never come to trial, the proper jurisdiction and administration over this adversary proceeding at this time lies in the District Court and not in the bankruptcy court. *In re Transcon Line*, 121 B.R. at 839.

45.     If a jury trial is going to be before the District Court, judicial economy would favor the District Court handling all aspects of this case going forward.

16

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, the SHIBOLETH Defendants respectfully request the District Court to enter an order (i) granting this Motion; (ii) withdrawing the reference, in whole, of this adversary proceeding; and (iii) granting any additional relief the District Court deems appropriate.

## REQUEST FOR ORAL ARGUMENT

The SHIBOLETH Defendants respectfully request that this Court entertain Oral Argument on this Motion.

PHILLIPS, CANTOR & SHALEK, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 375-S, HOLLYWOOD, FLORIDA 33021

Dated: October 29, 2010
Boca Raton, Florida

Respectfully submitted,

By:     s/Gary S. Phillips
Florida Bar No. 339814
PHILLIPS, CANTOR & SHALEK P.A.
Attorneys for Shiboleth Defendants
Presidential Circle, Suite 375 South
4000 Hollywood Boulevard
Hollywood, Florida  33021
Telephone: (954) 966-1820
Facsimile: (954) 414-9309
Email: Gphillips@phillipslawyers.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF, this 29th day of October, 2010.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically notices of electronic filing.

## SERVICE LIST

| | |
|---|---|
| **Chad P. Pugatch, Esq.** <br> *Attorney for Mark J. Ginsburg* <br> 101 NE 3 Avenue, Suite 1800 <br> Fort Lauderdale, FL 33301 <br> **VIA CM/ECF** | **Joseph H. Serota, Esq.** <br> *Attorney for Nationwide Laboratory Services, Inc.* <br> 2525 Ponce de Leon Blvd, Suite 700 <br> Coral Gables, FL 33134 <br> **VIA CM/ECF** |
| **Vincent F. Alexander, Esq.** <br> *Attorney for SWP Palm Beach, LLC* <br> Kozyak Tropin & Throckmorton <br> 2525 Ponce de Leon; <br> 9th Flr <br> Coral Gables, FL 33134 <br> **VIA CM/ECF** | **Mindy Mora, Esq.** <br> *Attorney for Strategica Capital Associates, Inc.* <br> *and Defendants Burstein, Cook, Enis and Kranz* <br> Bilzin Sumberg Baena Price & Axelrod, LLP <br> 200 South Biscayne Boulevard; Suite 2500 <br> Miami, FL 33131 <br> **VIA CM/ECF** |
| **Michael W. Moskowitz, Esq.** <br> *Attorney for Mark J. Ginsburg* <br> 800 Corporate Drive; Suite 510 <br> Fort Lauderdale, FL 33334 <br> **VIA ELECRONIC MAIL** | **Gary R. Shendell, Esq. Kenneth S. Pollock, Esq.** <br> *Attorneys for Oren Lieber and Ritter, Zaretsky &* <br> *Lieber, LLP* <br> 621 NW 53rd Street St. #310 <br> Boca Raton, FL  33487 <br> **VIA CM/ECF** |
| **Jonathan Vine, Esq.** <br> *Attorney for Royal Title & Escrow Co., Inc.* <br> Cole, Scott & Kissane, P.A. <br> 16445 Palm Beach Lakes Blvd., 2nd Floor <br> West Palm Beach, FL  33401 <br> **VIA CM/ECF** | **Richard W. Hoffman, Esq.** <br> Co-Counsel for Royal Title & Escrow, Inc. <br> Two Datran Center – Penthouse II <br> 9130 South Dadeland Blvd., <br> Miami, Florida 33156 <br> **VIA CM/ECF** |

## DESIGNATION OF RECORD

Pursuant to Rule 5011-1(B) of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida, The Shiboleth Defendants designate the following portions of the record believed reasonably necessary or pertinent to his Motion to Withdraw the Reference of this adversary proceeding.

PHILLIPS, CANTOR & SHALEK , P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 375-S, HOLLYWOOD, FLORIDA 33021

1.    MARK    J.    GINSBURG,    Debtor-in-Possession    and    NATIONWIDE LABORATORY SERVICES, INC., a Florida Corporation Adversary Complaint, ADV. NO.: 10-02627-RBR

PHILLIPS, CANTOR & SHALEK , P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 375-S, HOLLYWOOD, FLORIDA 33021